**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**Wheeling**

**JOSEPH HOBBS**,

        Petitioner,

    v.                                            **CIVIL ACTION NO. 5:24-CV-202**
                                                        Judge Bailey

**HEATHER RAY**,

        Respondent.

## <u>ORDER</u>

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 19]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on December 20, 2024, wherein he recommends that the Motion to Dismiss [Doc. 11] be granted and the Petition be denied and dismissed with prejudice. For the reasons that follow, this Court will adopt the R&R.

### I. BACKGROUND[1] & STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the

---

[1]This Court fully adopts and incorporates herein the "Factual and Procedural History" section of the R&R. *See* [Doc. 19 at 2–5].

factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Petitioner timely filed his objections to the R&R on December 30, 2024. *See* [Doc. 21]. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

## II. DISCUSSION

Petitioner's Objections largely repeats his assertions made in his Petition and Reply briefing; namely, that the sentencing judge ordered his sentences to run concurrent

because the state charges were related to the federal conspiracy charge. *See* [Doc. 21]. Petitioner asserts that when he signed his plea agreement, he "was told that [he] would be given time served on the state convictions related to the 'meth conspiracy.'" [Id. at 1]. Petitioner asks this Court to grant his request and give him time served "as the sentencing judge intended." [Id. at 2].

As noted by Magistrate Judge Mazzone, the time period for which petitioner seeks credit has already been credited against his state sentences, and thus he is not entitled to credit against his federal sentence for this period. [Doc. 19 at 8]. In his filings, including the instant Objections, petitioner argues that the sentencing judge's intent "means nothing." [Doc. 21 at 1]; *see also* [Doc. 15 at 2 ("because that was the sentencing judge [sic] original intention.")]. However, regardless of the sentencing judge's intent, the determination of prior custody credit under 18 U.S.C. § 3585(b) is to be computed by the Attorney General, through the Bureau of Prisons, and not the District Court. *United States v. Wilson*, 503 U.S. 329, 333 (1992). The calculation of credit for time spent in prior custody is set forth in 18 U.S.C. § 3585:

> Credit for prior custody.--A defendant shall be given credit toward the service
> of a term of imprisonment for any time he has spent in official detention prior
> to the date the sentence commences--
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was
>> arrested after the commission of the offense for which the sentence
>> was imposed;
>
> *that has not been credited against another sentence.*

3

18 U.S.C. 3585(b) (emphasis added).  The time period for which petitioner seeks credit was credited against his state sentences.  From December 11, 2018, through January 6, 2020, petitioner was serving the state sentences imposed by Virginia in Case Numbers F19–004 (Wise County, VA), CR18-864 (Scott County, VA), and F18–219 (Lee County, VA).  Petitioner cannot receive prior custody credit for this time because it was "credited against another sentence."  18 U.S.C. 3585(b).

Because this Court does not have jurisdiction over the determination of prior custody credit, and because the time period for which petitioner seeks credit has already been applied to his state sentences, petitioner's Objections are **OVERRULED**.

### III. CONCLUSION

Aside from the arguments addressed herein, a *de novo* review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law.  Accordingly, the magistrate judge's report and recommendation [**Doc. 19**] is hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report.  Petitioner's Objections [**Doc. 21**] are **OVERRULED**.  Respondent's Motion to Dismiss, or in the Alternative, for Summary Judgment [**Doc. 11**] is **GRANTED** and the Petition [**Doc. 1**] is **DENIED and DISMISSED WITH PREJUDICE**.

This Court further **DIRECTS** the Clerk to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record herein and to mail a copy to petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

**DATED**: January 6, 2025.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE